

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **CHARLES F. HUDGENS, et. ux.** | **CIVIL ACTION NO. 1:09-00417** |
| -vs- | **JUDGE DRELL** |
| **DEER VALLEY HOME BUILDERS, INC., et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING

Before the Court is a joint motion to remand (Doc. 18) filed by the defendants in this case who are not ostensibly subject to a bankruptcy stay. Phrased differently, the motion, by its terms, does not include defendant DESA Heating, L.L.C. ("DESA"), which filed for relief under the bankruptcy provisions of Title 11, Chapter 11 of the United States Code while this case was still pending in state court. The Suggestion of Bankruptcy filed with this Court on April 8, 2009 (Doc. 11) notes that any proceedings involving defendant DESA are subject to the "automatic stay" provisions of 11 U.S.C. § 362 (Doc. 11). Of course, in the absence of a contrary order from the United States Bankruptcy Court for the District of Delaware, the dictates of the automatic stay will be observed. But the origins of this lawsuit in state court, the need for consolidation with other actions now pending there,[1] and the demands of judicial economy all militate in favor of remanding the lawsuit in its entirety.

---

[1] Plaintiffs' insurer, American Western Insurance Company, paid plaintiffs' mortgage holder in full after the accident. The insurer currently has litigation pending in the 9th Judicial District Court, Rapides Parish, Louisiana, arising from that payment.

Accordingly, the defendants' joint motion to remand must be GRANTED, as to all defendants in the action, and we REMAND to the 9th Judicial District Court in and for the Parish of Rapides, Louisiana.

## BACKGROUND

This lawsuit was originally filed in the 9th Judicial District Court on January 19, 2009 (Doc. 1, Exh. A). The plaintiffs, Charles and Shana Hudgens, sought recovery for damages arising from a fire that destroyed their family home, located in Boyce, Louisiana, on January 18, 2008. They named three defendants in the petition, alleging that each had some role in a malfunction of the firebox of the home's fireplace: (1) Deer Valley Home Builders, Inc., for improperly installing the firebox; (2) DESA, for defectively manufacturing the firebox; and (3) Style Crest, Inc., for holding itself out as the manufacturer of the firebox, and thus assuming liability for any manufacturing defects. Style Crest, Inc., with the consent of the other defendants, removed the lawsuit based upon diversity grounds on March 13, 2009 (Doc. 1).

Before the lawsuit was removed, DESA instituted bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware, and obtained orders for relief under Chapter 11 on December 29, 2008 (Doc. 11). Therefore, at the time the lawsuit was removed, the bankruptcy stay was already in effect.

The remaining defendants in the case now seek a remand to state court. Counsel for the plaintiffs joined in submitting the instant motion. It is also noteworthy that no opposition has been voiced to a remand by any representative or

trustee in bankruptcy on behalf of DESA. Therefore, the implicit issue in this motion is whether remand is appropriate as to DESA, despite the bankruptcy stay.

## ANALYSIS

The automatic stay provision in Title 11 states, in pertinent part, that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a). This restriction serves the dual purposes of granting the debtor a "'breathing spell,'" while at the same time "preventing a race for the debtor's assets" among creditors. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir. 1983). Under the Fifth Circuit's interpretations of § 362, it is abundantly clear that litigation against DESA's co-defendants would not be affected by the automatic stay. See Arnold v. Garlock, 278 F.3d 426, 436 (5th Cir. 2001) ("Section 362 is rarely . . . a valid basis on which to stay actions against non-debtors."); Wedgeworth, 706 F.2d at 544 ("[Section] 362 does not operate as an automatic stay of claims against . . . co-defendants.").

The question presented by this motion is whether the automatic stay prohibits the remand of claims against DESA, the debtor in bankruptcy. The Court finds that it does not. Analysis of two decisions from other district courts in our circuit, with conflicting solutions to this rare issue, will clarify the Court's decision.

In Liljeberg Enterprises International, LLC v. Vista Hospital of Baton Rouge, Inc., the court declined to remand a lawsuit to state court, because the automatic stay triggered by a defendant's bankruptcy prohibited a remand. See No. Civ.A. 04-2780, 2004 WL 2725965, at *1-2 (E.D. La. Nov. 24, 2004). The court found immaterial the fact that removal occurred after the bankruptcy petition was filed. Id. at *2. The decision also noted that the remand would not fall under the "ministerial act" exception to the automatic stay provision. See id.

The court in Kim Susan, Inc. v. Service Marine Industries, Inc., viewed the same dilemma quite differently. No. CIV A 99-2110, 1999 WL 689989, at *5-6 (E.D. La. Aug. 31, 1999). In that case, the court remanded a lawsuit based upon a contract dispute that had been removed under the district court's "arising under title 11" jurisdiction in 28 U.S.C. § 1334(c), despite the filing of a defendant's involuntary bankruptcy petition. See id. The opinion contemplated that the state law claims would be severed from the bankruptcy issues, and that any enforcement against the debtor defendant would be carried out by the Bankruptcy Court. See id.[2] The broader notion that an automatic stay does not preclude a remand to state court has found support in a number of other decisions and courts as well. See, e.g., Robert v. Bell Helicopter Textron, Inc., No. 3:01-CV-1576-L, 2003 U.S. Dist. LEXIS 20109, at *12 (N.D. Tex. Nov. 10, 2003); Verizon Commc'ns, Inc. v. Northpoint Commc'ns Group,

---

[2] The district judge also outlined two possibilities for proceeding after remand: (1) "the case proceeds in state court against [the non-debtor defendant] alone, and the judgment will have no bearing at all on the bankruptcy proceeding"; or (2) "the plaintiff could move to lift the stay and any judgment rendered against [the debtor defendant] would then be subject to enforcement by the Bankruptcy Court." Id. at *6. The very same alternatives will remain in this case following remand.

4

Inc., 262 B.R. 891, 892 (D. Del. 2001); McCratic v. Bristol-Myers Squibb & Co., 183 B.R. 113, 115-16 (N.D. Tex. 1995); Baxter Healthcare Corp. v. Hemex Liquidation Trust, 132 B.R. 863, 867 (N.D. Ill. 1991).

In this case, the circumstances heavily support a remand. Removal in the first instance was based upon diversity grounds; the plaintiffs' claims are firmly rooted in state law. All parties, aside from DESA itself, have expressly consented to the remand. DESA has voiced no opposition to this motion, and a remand will place DESA in no better or worse position, legally or financially, than the position it occupied at the time of removal. Related litigation pending in state court awaits consolidation. In sum, because § 362(a) does not explicitly preclude a remand, and because consolidated proceedings in state court will facilitate the most judicially efficient resolution to this dispute, a remand, including all named parties, is warranted.

A judgment in accord with this ruling will issue separately.

SIGNED on this 4 day of September, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE